UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

NAQUAN PETERSON,

                Plaintiff,

      - against -

UNITED STATES OF AMERICA,

                Defendant.

------------------------------------------------------------X

COMPLAINT

Plaintiff, NAQUAN PETERSON, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendant herein, respectfully alleges as follows:

## JURISDICTION

1.     This is a civil action, seeking compensatory damages.

2.     This action is brought pursuant to 28 U.S.C. §§2671, et seq.

3.     Jurisdiction is founded upon 28 U.S.C. §§1331 and 1346.

4.     On or about March 4, 2020, which date was within two years from the date that plaintiff's within cause of action pursuant to the Federal Tort Claims Act accrued, he presented to the Federal Bureau of Prisons of the United States Department of Justice a claim for money damages arising out of the incident and injuries alleged herein.

5.     Upon information and belief, the Bureau of Prisons of the Department of Justice has neither approved nor denied plaintiff's claim. Consequently, as the date for the Bureau of Prisons to complete its review, consideration, and adjudication of plaintiff's claim was September 4, 2020, and it has not met said deadline, plaintiff is commencing this action.

## VENUE

6.    Venue is properly alleged in the Southern District of New York in that the acts complained of herein occurred within this District.

## PARTIES

7.    At all times relevant hereto, plaintiff, NAQUAN PETERSON, was and is a natural person, and was an inmate incarcerated in the Metropolitan Correctional Center, which is located at 150 Park Row in the County, City and State of New York (hereinafter "MCC – New York").

8.    At all times relevant hereto, the United States Department of Justice was and is a federal agency, pursuant to 28 U.S.C. §2671.

## AS AND FOR A CAUSE OF ACTION

9.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "8" hereinabove as if more fully set forth at length herein.

10.    On or about March 7, 2018, between approximately 5:00 P.M. and 6:00 P.M., plaintiff, who was incarcerated at MCC- New York under Registry No. 89201-053, was playing basketball in the rooftop recreation area located at the aforementioned facility.

11.    The floor of the recreation area on which plaintiff was playing was, upon information and belief, made of a form of plastic or vinyl, with raised studs.

12.    At one point, as plaintiff went for a rebound, his right foot became caught between two of the aforementioned studs.

13.    Plaintiff immediately felt a sharp pain in his right leg and heard something in his right leg snap.

14.    Plaintiff promptly reported his injury to two correction officers, named, upon information and belief, Benjamin and Polito.

15.    One of the aforementioned correction officers noted the incident in a logbook.

16.    Plaintiff returned to his housing unit.

17.    The following morning, March 8, 2018, plaintiff observed that his right leg was swollen.

18.    Plaintiff informed the correctional officer on his unit that he was injured.

19.    Plaintiff was escorted to the facility's clinic.

20.    After being examined at the clinic, plaintiff was transported to Brooklyn Hospital Center.

21.    At Brooklyn Hospital Center, plaintiff's right leg was examined and x-rayed, whereupon it was casted or splinted.

22.    Plaintiff was transported back to MCC – New York.

23.    Approximately one week later, plaintiff was brought back to Brooklyn Hospital Center, where he received an MRI.

24.    Approximately one week following the MRI, plaintiff underwent surgery to his right leg at the Brooklyn Hospital Center.

25.    Plaintiff's right leg remained in a cast for approximately three weeks following the surgery, after which plaintiff was provided with an inflatable boot, which he wore for an additional two weeks.

26.    Once the inflatable boat was removed, plaintiff underwent a course of physical therapy.

27.     The Bureau of Prisons of the Department of Justice of the defendant, UNITED STATES OF AMERICA, and its agents, servants, and employees, were reckless, careless and negligent in that they constructed and maintained the floor of the recreation area of MCC – New York in such a manner as to create a trap and a nuisance, which resulted in plaintiff suffering the injury to his right leg described hereinabove.

28.     As a result of the recklessness, carelessness and negligence of defendant UNITED STATES OF AMERICA, and through no culpable conduct of his own, plaintiff was rendered sick, sore, lame and disabled; was permanently and seriously injured and disabled; was forced to undergo medical treatment, including surgery; suffered a loss of enjoyment of life; and was forced to expend sums for medical treatment.

29.     By reason of the aforementioned negligence, recklessness, and carelessness of the Bureau of Prisons of the Department of Justice of the defendant, UNITED STATES OF AMERICA, and its agents, servants, and employees, and through no culpable conduct of his own, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff, NAQUAN PETERSON, demands judgment against defendant, UNITED STATES OF AMERICA, in the amount of One Million ($1,000,000.00) Dollars.

Dated: Kew Gardens, New York
      January 24, 2021

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2441